UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO EQUIPMENT
FINANCE, INC.,

   Plaintiff,      CIVIL ACTION NO. 09-CV-10075-DT

VS.           DISTRICT JUDGE STEPHEN J. MURPHY III

SITE SUPPORT, LLC., and   MAGISTRATE JUDGE MONA K. MAJZOUB
ALTHEA M. WILLIAMS,

   Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE ANSWER TO COMPLAINT OR AFFIRMATIVE DEFENSES OF DEFENDANT WILLIAMS FOR HER FAILURE TO COOPERATE IN DISCOVERY (DOCKET NO. 36)

   This matter comes before the Court on Plaintiff's Renewed Motion to Strike Answer to Complaint or Affirmative Defenses of Defendant Althea M. Williams for her Failure to Cooperate in Discovery filed on September 9, 2009. (Docket no. 36).  Defendant Williams did not file a response and the time for responding has expired. (Docket no. 38).  Defendant Williams failed to cooperate in the preparation of the Joint Statement as required by the Court. (Docket no. 40).  The Court noticed this matter for hearing on October 19, 2009.  (Docket no. 38).  Plaintiff's counsel appeared for the hearing but Defendant Williams did not.  Following the hearing the Court entered an order holding Plaintiff's Motion in abeyance and requiring Defendant Williams to appear on December 2, 2009 and show cause why her Answer to the Plaintiff's Complaint should not be stricken. (Docket no. 43).  Defendant Williams failed to appear for that hearing as well and has not communicated with the Court regarding her absence.  The Plaintiff's Renewed Motion to Strike has

1

been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 37). The matter is now ready for ruling.

On June 4, 2009, Plaintiff served a Notice of Taking Deposition *Duces Tecum* upon Defendant Williams by U.S. mail. (Docket no. 26). The deposition was scheduled for June 22, 2009. Defendant Williams failed to appear at the deposition. (Docket no. 26). Plaintiff attempted without success to reach Defendant Williams by telephone and by mail to reschedule the deposition. (Docket nos. 26, 31). Plaintiff states that at the time it sought to schedule the deposition, mailed correspondence sent to Defendant Williams was not returned as undeliverable.

On July 1, 2009 Plaintiff filed a Motion to Compel Discovery and/or to Strike Answer or Affirmative Defenses of Defendant Williams. Defendant Williams did not file an opposition to the Motion to Compel and/or Strike. (Docket no. 26). Plaintiff's counsel filed an affidavit in support of the Motion to Compel Discovery, which states that she reached Defendant Williams by telephone on July 23, 2009 and requested that she appear for deposition the following day. (Docket no. 31). The affidavit states that during the telephone conversation, Defendant Williams revealed that she had received Plaintiff's mailed correspondence and was aware of the Plaintiff's Motion to Compel. The affidavit further states that when Plaintiff's counsel attempted to schedule the deposition for the following day, Defendant Williams asked if she could call the Plaintiff back, hung up the telephone, and never called back as she said she would. On August 17, 2009, the Court entered an Order granting Plaintiff's Motion to Compel. (Docket no. 34). The Order required Defendant Williams to contact Plaintiff's counsel on or before August 21, 2009 to schedule her deposition, which was to be completed by September 4, 2009. The Order clearly states in bold print that "Failure to comply with this Order may result in sanctions including dismissal of this action."

On September 9, 2009, Plaintiff filed a Renewed Motion to Strike Answer to Complaint or Affirmative Defenses of Defendant Althea M. Williams. (Docket no. 36). The Motion states that Defendant Williams failed to agree to schedule her deposition, and failed to appear for deposition before September 4, 2009 as ordered by the Court. (Docket no. 36). Plaintiff moves the Court for an order striking Defendant Williams' Answer to the Complaint as a sanction for disobeying a discovery order pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). In addition, Plaintiff requests reimbursement of its costs, expenses, and reasonable attorneys' fees incurred in pursuing this matter. Defendant Williams did not respond to the Plaintiff's Renewed Motion. In addition, Defendant Williams failed to appear before this Court on October 19, 2009 for the scheduled oral argument on the Renewed Motion.

At the conclusion of the hearing on Plaintiff's Renewed Motion to Strike, the Court entered an order holding the Plaintiff's Motion in abeyance and ordering Defendant Williams to appear and show cause why her Answer to Plaintiff's Complaint should not be stricken. (Docket no. 43). On November 5, 2009 Plaintiff filed a document entitled "Notice Regarding Address of Defendant Williams." (Docket no. 44). The Notice informs the Court that the United States Postal Service has confirmed that Defendant Williams recently moved from her home and left no forwarding address. (Docket no. 44). Plaintiff further informs the Court that mail sent to Defendant Williams has recently been returned as undeliverable. (Docket no. 44).

Defendant Williams failed to appear at the December 2, 2009 show cause hearing as ordered by the Court. She has ignored two Court Orders, has failed to submit to deposition, has not appeared at scheduled hearings or responded to motions, and has failed to communicate with the Plaintiff or with the Court regarding this case. It now appears that Defendant Williams has failed to notify the

3

Court of a change of address despite her clear duty to do so. *See Trotter v. Gonzalez*, No. 03-10096, 2008 WL 2761019, at *2 (E.D. Mich. July 15, 2008) (litigants have a duty to inform the court of address changes.).

Federal Rule of Civil Procedure 37(b)(2)(A) gives the Court discretion to "issue further just orders" in regard to a party's failure to obey a discovery order, including striking pleadings in whole or in part. Defendant Williams has not taken advantage of the many opportunities this Court has provided her to appear before it and defend against Plaintiff's Motion. If the Answer to Plaintiff's Complaint is not stricken the case will not move forward. The Court therefore finds that the striking of Defendant Williams' Answer to the Complaint is justified.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion to Strike Answer to Complaint or Affirmative Defenses of Defendant Althea M. Williams for her failure to Cooperate in Discovery is **GRANTED**. Defendant Williams' Answer to Plaintiff's Complaint (docket no. 16) is stricken from the record and a default will be entered against her.

**IT IS FURTHER ORDERED** that Plaintiff may proceed in filing a motion for default judgment against Defendant Williams.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: December 03, 2009          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Althea M. Williams at her last known address of 5485 Abbey Road, Rochester, MI 48306 and Counsel of Record on this date.

Dated: December 03, 2009          s/ Lisa C. Bartlett
                                  Case Manager